White v. United States Securities and Exchange Commission

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty.

PRESENT:

> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

Paul White,

*Petitioner*,

v.                                                                      17-3717

United States Securities and Exchange Commission,

*Respondent*.

_____

| | |
|---|---|
| **FOR PETITIONER-APPELLANT:** | JON ROMBERG (Danielle Falzone, Nicolette Fata, *on the brief*), Seton Hall University School of Law, Newark, NJ. |
| **FOR RESPONDENT-APPELLEE:** | RACHEL M. MCKENZIE, Senior Counsel (Robert B. Stebbins, General Counsel, Michael A. Conley, Solicitor, Tracey A. Hardin, Assistant General Counsel *on the brief*), Securities and Exchange Commission, Washington, D.C. |

Appeal from an order of the U.S. Securities and Exchange Commission ("the Commission") dismissing review proceedings.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the Commission is **AFFIRMED**.

Petitioner-Appellant Paul White appeals from the Commission's September 29, 2017 order which dismissed proceedings to review an initial decision by an Administrative Law Judge ("ALJ") barring White from associating with a broker, dealer, investment adviser, municipal securities dealer, or transfer agent, and from participating in penny stock offerings. The Commission dismissed review proceedings after White failed to file a brief that complied with the word limitations prescribed in the Commission's Rules of Practice. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"The Administrative Procedure Act, which applies to our review of [Securities and Exchange] Commission orders, provides that a reviewing court shall 'hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *MFS Sec. Corp. v. SEC*, 380 F.3d 611, 617 (2d Cir. 2004) (citation omitted) (quoting 5 U.S.C. § 706(2)).

After the Commission granted White's petition for review—which argued, among other things, that the ALJ violated his rights to due process and equal protection by failing to address his argument that the ALJ's appointment violated the Appointments Clause of the U.S. Constitution—the agency ordered White to submit a brief in support of his petition for review and instructed that "failure to file a brief in support of the petition may result in dismissal of this review proceeding." Sp. App'x 18-19. The order specifically cited the Commission's Rules of Practice

1

governing form, service, content, and length, and provided that extensions of time to file briefs are disfavored.

The Commission granted White an extension of time in which to file his brief in view of his *pro se* and incarcerated status. After White filed an overlength brief, *cf.* 17 C.F.R. §§ 201.450(c)-(d) (providing that opening briefs shall not exceed 14,000 words, and that a brief of 30 pages or less is presumptively considered to be within that limit), the Commission in a May 22, 2017 order directed him to file a compliant brief by June 9, 2017. White filed a motion asking the Commission to reconsider accepting his overlength brief or to grant him an extension of five to seven weeks to file a compliant brief. On June 14, 2017, the Commission declined to reconsider its rejection of White's overlength brief, but granted White a five-week extension, until July 14, 2017, to file a compliant opening brief.

White did not file a compliant brief. On September 29, 2017, the Commission issued an order dismissing review proceedings. Its order noted that "White's failure to file a compliant brief, or otherwise respond to the [Commission's extension] order, is consistent with his earlier actions that led the [administrative] law judge to find him in default and, in our view, evidences a disregard for the Commission's processes." Sp. App'x 23.

The Commission did not abuse its discretion by dismissing review proceedings. The Commission alerted White that failure to file a brief in support of his petition could result in the dismissal of his review proceeding, it directed White to the relevant Rules of Practice, and it provided White two extensions of time in which to file a compliant brief. White failed to do so. We cannot say the Commission's subsequent decision to dismiss review proceedings constitutes an abuse of discretion. *See MFS Sec. Corp.*, 380 F.3d at 617; *see also* 17 C.F.R. § 201.180(c)

2

(providing that the Commission may dismiss proceedings where respondent has failed "[t]o cure a deficient filing within the time specified").

White argues that the Commission acted arbitrarily and capriciously by failing to consider a filing that it received on June 19, 2017. In the filing, denoted a "Reply to the Division's Respondent's Motion For Reconsideration and to Extend Time to Re-File Brief," White requested "at least seven(7) weeks" to re-write his overlength brief. Supp. App'x 63, 64. But this filing made no new arguments beyond those already made in his motion requesting reconsideration or an extension of time, and the Commission had already granted White a five-week extension pursuant to his original motion, which requested an extension of five to seven weeks to write and submit a brief that complied with the agency's word limits. The Commission did not abuse its discretion by declining to revisit its earlier ruling granting White a five-week extension as he originally requested.

We have considered all of White's remaining arguments and find them to be without merit. Because we conclude that the Commission did not abuse its discretion by dismissing review proceedings, we need not decide whether the ALJ's appointment violated the Appointments Clause, whether 15 U.S.C. § 78y(c) places jurisdictional limitations on this court's review, or whether White properly preserved his objections to the ALJ proceedings by "urg[ing]" them before the Commission, as required by the Securities Exchange Act, 15 U.S.C. § 78y(c), and the Investment Advisers Act, 15 U.S.C. § 80b-13(a).

Accordingly, we **AFFIRM** the judgment of the Commission.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3